# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**GARY WARREN HANCOCK, JR.,**

    **Plaintiff,**

v.                                 **CIVIL ACTION NO. 1:18-00024**

**BARBARA RICKARD, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendation ("PF&R"). Magistrate Judge Aboulhosn submitted his proposed findings and recommendation on February 22, 2018. In that Proposed Findings and Recommendation, the magistrate judge recommended that this court deny plaintiff's motion for a Temporary Restraining Order or Preliminary Injunction.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a petitioner

"makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Plaintiff filed timely objections to the Proposed Findings and Recommendation on March 1, 2018. The court has conducted a de novo review of the record as to those objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

On January 8, 2018, plaintiff filed this complaint for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Among other things, plaintiff alleges that his conditions of confinement are such that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment. One of the grounds on which Hancock alleges that his rights have been violated is by defendants' failure to provide prescribed medication – Metamucil. Magistrate Judge Aboulhosn found that because plaintiff was receiving an alternative to Metamucil-- fiber pills -- Hancock could not show he would suffer irreparable harm in the absence of injunctive relief. Hancock objects to that portion of the PF&R, arguing that he never said he had been given fiber pills as a

substitute for Metamucil.  Hancock is correct.  He did not say that prison officials provided fiber pills to him as a substitute for Metamucil, only that such pills were available in the commissary.  He further contends that these pills are not an adequate substitute and gives reasons for that contention.

After reading plaintiff's complaint, in combination with his motion for injunctive relief, the court construes Hancock's allegations with respect to his medical care to be as follows: 1) he has epilepsy and/or a seizure disorder that affects his digestion; 2) he has a prescription for Metamucil to address these medical problems; 3) he cannot provide a copy of that prescription for the court's review because prison officials have refused his requests for access to his medical records; 4) Metamucil is medically necessary to treat his serious medical ailments; and 5) prison officials have failed to provide Metamucil or an adequate substitute.  See ECF No. 2 at ¶¶ 35-46.

Under the Eighth Amendment, a prison official may violate a prisoner's right to medical care if the official is "deliberately indifferent" to a "serious medical need."  Estelle v. Gamble, 429 U.S. 97, 104–05 (1976).  Under certain circumstances, even the denial of Metamucil could rise to the level of deliberate indifference to a serious medical need.  See Spar v. Mohr, Case No. 2:14-cv-546, 2015 WL 5895914, *10 (S.D. Ohio Oct. 9, 2015) ("To the extent that Metamucil is at this point withheld from

plaintiff, then, the Court concludes that plaintiff has established a strong likelihood of success on the merits of his claim. Moreover, the evidence establishes that, without Metamucil, plaintiff will suffer irreparable injury in the form of continued pain. Finally, the prison's legitimate security concerns, and those of the public, can be adequately addressed by administering the Metamucil by a prison nurse. Under these circumstances, the issuance of a preliminary injunction is therefore appropriate.").[*]

Therefore, in order to enable the court to evaluate Hancock's entitlement to injunctive relief, the court believes a response by defendants (who have access to plaintiff's medical records) is necessary. Once defendants have filed a written response addressing the allegations listed above, the court will determine whether an evidentiary hearing is necessary. For this reason, plaintiff's objections are **SUSTAINED** insofar as the court will further evaluate his allegations regarding inadequate medical care. His objections are **OVERRULED** in all other

---

[*] While a number of courts have found that constipation is not a serious medical need, "[o]ther courts have concluded that chronic constipation and its associated pain and symptomatology can constitute a serious medical need." Spar, 2015 WL 5895914, at *7 (and authorities cited therein). Hancock's allegations suggest that his constipation is a chronic condition that is exacerbated by his seizure disorder. However, without a response by defendants, the court is unable to determine whether plaintiff's allegations are supported by any medical evidence and whether his ailments rise to the level of a serious medical need.

4

respects.  The court **RECOMMITS** this matter to Magistrate Judge Abhoulhosn to further evaluate Hancock's entitlement to injunctive relief with respect to the denial of Metamucil.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record, to plaintiff pro se, and Magistrate Judge Aboulhosn.

IT IS SO ORDERED this 19th day of April, 2018.

ENTER:

David A. Faber
Senior United States District Judge