# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| GARY WARREN HANCOCK, JR.,  )<br>       Plaintiff,  )<br>                 )<br>v.  )<br>                 )<br>BARBARA RICKARD, *et al.*,  )<br>       Defendants.  )  | Civil Action No. 1:18-00024 |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Document No. 5), filed on January 11, 2018. For the reasons explained below, the undersigned has concluded that Plaintiff's above Motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 8, 2018, Plaintiff filed his Application to Proceed Without Prepayment of Fees or Costs and a Complaint for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document Nos. 1 and 2.) Plaintiff names the following as Defendants: (1) Barbara Rickard, Warden of FCI McDowell; (2) Officer Sawyers; (3) Librarian Norris; (4) Lieutenant Saunders; (5) Medic Walters; (6) Officer Nowlin; (7) Officer John Doe #1; (8) Officer John Doe #2; and (9) Officer John Doe #3. (Document No. 2.) Plaintiff alleges that on December 13, 2017, Plaintiff was taken to the Special Housing Unit ("SHU") following the issuance of an Incident Report concerning a verbal dispute between Plaintiff and a Correctional

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Officer. (Id., p. 3.) First, Plaintiff complains that he is being denied due process concerning disciplinary actions taken against him. (Id., p. 5.) Second, Plaintiff complains that the "totality of the conditions" of his placement in SHU results in cruel and unusual punishment in violation of his Eighth Amendment rights. (Id., pp. 1, 5 – 9, 16, 19 - 20.) Specifically, Plaintiff complains that for four day he was placed in a SHU "hard cell," which had a concrete bunk, was "filthy and extremely cold," and had no soap for proper hand washing. (Id., p. 23) Plaintiff further complains all cells in SHU are extremely cold and SHU inmates are not allowed to have their "sweat-suit to keep warm." (Id., p. 8.) Third, Plaintiff complains that he was denied breakfast on January 2, 2018, because he was served milk that was spoiled. (Id.) Plaintiff states that although he notified Officer Nowlin that his milk was spoiled and requested a new tray, Officer Nowlin never provided such. (Id., p. 9.) Fourth, Plaintiff complains that he is being denied appropriate medication to assist with the digestion of his food. (Id., pp. 9 – 13, 21.) Plaintiff states that he has been diagnosed with hypo-mobility of the digestive tract and severe abdominal distention. (Id.) Plaintiff alleges that he has been prescribed Metamucil, which is the "safest and most effective long-term treatment because it is a natural food derivative/dietary supplement." (Id.) Plaintiff argues that the "fiber pills" he has been given as a replacement for Metamucil are less effective." (Id., pp. 12 – 13.) Fifth, Plaintiff argues that his First Amendment right to receive books, magazines, and newspapers has been violated during his placement in SHU. (Id., pp. 13 – 15.) As relief, Plaintiff requests declaratory judgment, injunctive relief, and monetary damages. (Id., pp. 26 – 35.)

On January 11, 2018, Plaintiff filed his instant Motion for a Temporary Restraining Order or Preliminary Injunction. (Document No. 5.) In his Motion, Plaintiff requests a temporary restraining order or a preliminary injunction "to ensure that I receive necessary medical treatment, and to ensure that my constitutional rights are not continually violated while awaiting the outcome

of the case." (Id., p. 1.) In support, Plaintiff continues to state as follows: (1) he is being denied access to Metamucil; (2) SHU cells are "extremely cold;" (3) he is being denied access to outdoor recreational exercise; and (4) SHU inmates are not receiving their magazines, books, or newspapers. (Id., pp. 1 – 2.) Plaintiff notes that he has been in SHU for 18 days. (Id., p. 3.) Plaintiff concludes that "I am suffering irreparable harm and constitutional injury by continuing to suffer violations of long established constitutional rights of prisoners." (Id., p. 2.) Based upon the foregoing, Plaintiff requests a temporary restraining order requiring Defendants to: (1) "Ensure that Plaintiff has access to medical treatment with Metamucil;" (2) "Ensure that adequate clothing is purchase and issued to SHU inmates to facilitate regular exercise;" (3) "Adjust the heating system in the SHU to raise cell temperatures to an adequate level;" (4) "Remove the restriction not allowing inmates to wear boots to outdoor recreation;" (5) "Allow SHU inmates to receive all allowable reading material that arrives in the mail (books, newspapers, magazines);" and (6) Transfer the Plaintiff from FCI McDowell to another institution."[2] (Id., pp. 4 – 5.)

By Proposed Findings and Recommendation entered on February 22, 2018, the undersigned recommended that Plaintiff's above Motion be denied. (Document No. 12.) Plaintiff

---

[2] The Court lacks authority to grant Plaintiff's request that this Court enter an order transferring him to a different prison facility. The classification and transfer of federal prisoners falls within the broad discretion of the Bureau of Prisons and Courts lack authority to order that a prisoner be confined to any particular institution. *See* 18 U.S.C. § 3621(b)(the BOP shall designate the place of an inmate's confinement); *also see McKune v. Lile*, 536 U.S. 24, 40, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002)("It is well settled that the decision where to house inmates is at the core of prison administrators'' expertise."); *Meachum v. Farno*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)(the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP); *United States v. Williams*, 65 F.3d 301, 307 (2nd Cir. 1995)("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons."); *Milhouse v. O'Brien*, 2014 WL 12521373, (N.D.W.Va. Feb. 25, 2014)(denying plaintiff's motion for temporary or preliminary injunction where plaintiff failed to satisfy the first *Winter's* factor because he could not succeed on his request for a transfer to a different prison facility); *Hinton v. Federal Bureau of Prisons*, 2009 WL 3347158, * 4 n. 5 (S.D.W.Va. Oct. 14, 2009)(J. Johnston)("Inmates . . . have no constitutional right to be housed in any particular prison or jail, regardless of security classification.").

filed Objections on March 1, 2018. (Document No. 24.) By Memorandum Opinion and Order entered on April 19, 2018, United States District Judge David A. Faber sustained in part and overruled in part Plaintiff's Objections. (Document No. 28.) Specifically, Judge Faber sustained Plaintiff's objections "insofar as the court will further evaluate his allegations regarding inadequate medical care." (Id.) Plaintiff's Objections were overruled in all other respects. (Id.) By Order entered on April 23, 2018, the undersigned directed Defendants to file a Response to Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Document No. 5) concerning Plaintiff's alleged medical need for Metamucil. (Document No. 31.)

On May 7, 2018, Defendants filed their Response in Opposition. (Document No. 34.) First, Defendants argue that Plaintiff's request for injunctive relief is now moot due to his transfer from FCI McDowell. (Id.) Defendants explain that "Plaintiff is no longer subject to the conditions and policies at FCI McDowell about which he complains, nor is he exposed to the staff members he named as Defendants." (Id.) Second, Defendants note that the Court must have personal jurisdiction over the parties to be enjoined and the Court does not have jurisdiction as to Plaintiff's current custodians. (Id.) Finally, Defendants argue that even if the Court had jurisdiction, Plaintiff's claim fails because he cannot show a likelihood to succeed on the merits. (Id.) Defendants state that Plaintiff's medical records reveal that he never discussed the need for Metamucil, as opposed to fiber pills, with medical providers at FCI McDowell. (Id.) Defendants state that the only mention of Metamucil in Plaintiff's medical records occurred during his prior incarceration at FCI Cumberland. (Id.) Defendants further contend that a review of Plaintiff's medical records from 2016 through 2017 do not support Plaintiff's allegation that he was previously prescribed Metamucil. (Id.) Accordingly, Defendants request that Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction be denied. (Id.)

As Exhibits, Defendants attach the following: (1) The Declaration of K. Lucas (Document No. 34-1.); (2) A copy of Plaintiff's "Inmate History Quarters" (Document No. 34-2.); (2) A copy of Plaintiff's pertinent medical records from 2016 through 2018 (Document Nos. 34-3, 34-4, and 34-5.); and (3) A copy Administrative Remedy ID No. 924793-F1 (Document No. 34-6.).

In Reply, Plaintiff argues that his Motion should not be denied as moot. (Document No. 38.) Plaintiff first contends that since he "is in the Federal Bureau of Prisons, there is a likelihood that he could be transferred back to the institution where violations took place." (Id.) Plaintiff, however, acknowledges that "the Court cannot order FCI McDowell staff to provide Metamucil to him because he is no longer there to receive treatment." (Id.) Second, Plaintiff states that he has included a "John Doe" defendant and once he determines the identity of the Regional or Central Staff member who implemented the "no-Metamucil policy," he plans to name this person as defendant. (Id.) Finally, Plaintiff states that "the Court and defense seems to have misconstrued Plaintiff's claim that he was once prescribed Metamucil." (Id.) Plaintiff states that he was not prescribed Metamucil by medical staff within the FBOP, but by medical staff at Chesapeake Detention Facility in Baltimore, Maryland. (Id.) Plaintiff further disputes that he never requested Metamucil during his incarceration at FCI McDowell. (Id.)

## **THE STANDARD**

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

5

Fed.R. Civ. P. 65(b). Rule 65(a) provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' Granny Goose, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction *must* establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)(emphasis added). [A]ll four requirements must be satisfied." The Real Truth About Obama, Inc. v. Federal Election Commission., 575 F.3d 342, 346 (4th Cir. 2009), *judgment vacated on other grounds*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010).[3] The Fourth Circuit has explains that "[b]ecause a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." Id. Furthermore, the Supreme Court "rejected a standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was 'inconsistent with our characterization of injunctive relief as an extraordinary remedy that may be awarded upon a clear showing that the

---

[3] The United States Supreme Court vacated the original decision in *Real Truth* for further consideration in light of *Citizens United v. Federal Election Commission*, 558 U.S. 310, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010). *The Real Truth About Obama, Inc. v. Federal Election Commission*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010). The Fourth Circuit, however, reissued its opinion on Parts I and II of its opinion. *The Real Truth About Obama, Inc. v. Federal Election Commission*, 607 F.3d 355 (4th Cir. 2010).

plaintiff is entitled to such relief." Id.(citing Winters, 55 U.S. at 22, 129 S.Ct. at 375-76.) Thus, a Court may not issue a preliminary injunction or temporary restraining order "simply to eliminate a possibility of a remote future injury." Kates v. Packer, 2014 WL 1218905, * 3 (M.D.Pa. March 24, 2014)(quoting Holiday Inns of America, Inc. v. B&B Corp., 409 F.2d 614, 618 *3rd Cir. 1969)("The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat.'"). The irreparable harm alleged by movant must be "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991), *abrogation recognized on other grounds*, Sarsour v. Trump, 245 F.Supp.3d 719, n. 6 (4th Cir. 2017); also see Kates, 2014 WL 1218905 at * 3(The irreparable harm must be "actual and imminent, not merely speculative.") As the Fourth Circuit has explained, the Court is no longer required to balance the irreparable harm to the respective parties. Real Truth, 575 F.3d at 347. Rather the movant must make a clear showing that he is likely to be irreparably harmed, and the Court must "pay *particular regard* for the public consequences in employing the extraordinary remedies of an injunction." Id.(citations omitted).

## DISCUSSION

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009). The Fourth Circuit has explained that "the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or conditions, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives." Incuma v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007); also see Rankins v. Rowland,

7

200 Fed.Appx. 207 (4th Cir. 2006)(finding inmate's request for a temporary restraining order and injunctive relief in connection with an allegation of inadequate ventilation was rendered moot by the inmate's transfer to a different prison); Taylor v. Riverside Regional Jail Authority, 2011 WL 602499, * 4 (E.D.Va. Dec. 2, 2011)("[T]he transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment."). According to the BOP Inmate Locator, Plaintiff is currently incarcerated at USP Lee located in the Western District of Virginia. Thus, Plaintiff is no longer subjected to the alleged improper medical care provided by FCI McDowell staff members named as Defendants in the instant case. Although Plaintiff has named a "John Doe" as a Defendant, and states that he intends to name a Regional or Central Office official as a named defendant at some point in the future, such is insufficient. As the case presently stands, none of the named individual Defendants are employed at Plaintiff current place of incarceration or have any control over Plaintiff's current medical care. Moreover, Plaintiff does not allege that he is being denied Metamucil at his current place of confinement.[4] Finally, Plaintiff's claim that he might be transferred back to FCI McDowell at some point in the future, is speculative. Smith v. West Virginia Regional Jail, 2013 WL 820584, * 2 (S.D.W.Va. March 5, 2013)(finding inmate's motion for temporary restraining order and preliminary injunction were moot where Plaintiff had been transferred to a different facility and his allegations of possible abuse at his current facility were speculative). Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction be denied as moot.

---

[4] To the extent Plaintiff is denied proper medical care at his current place of incarceration (USP Lee), Plaintiff should seek relief within the Western District of Virginia.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY as moot** Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Document No. 5).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: August 13, 2018.

                                               Omar J. Aboulhosn
                                               United States Magistrate Judge